IN THE CIRCUIT COURT FOR COFFEE COUNTY, TENNESSEE
AT MANCHESTER

JOANNA SPENCER, )
)
PLAINTIFF, )
v. ) DOCKET NO: 2020-CV-46937
) JURY OF TWELVE DEMANDED
WALMART, INC., )
WALMART STORES EAST, L.P., and )
WAL-MART STORES, INC., ) **FILED**
)
DEFENDANTS. ) JUL 3 1 2020

CIRCUIT COURT
COFFEE COUNTY, TN
HEATHER HINDS DUNCAN, CLERK
TIME_____AM/PM

**COMPLAINT FOR DAMAGES**

Plaintiff states:

1. The Plaintiff is a citizen and resident of Manchester, Coffee County, Tennessee.

2. Defendant, Wal-Mart Stores, Inc. is an active Delaware corporation whose agent for

   service of process is C T Corporation System, 800 South Gay Street, Suite 2021,

   Knoxville, Tennessee 37929.

3. Defendant, Wal-Mart Stores East, LP. is an active Delaware limited foreign

   partnership whose agent for service of process is C T Corporation System, 300

   Montvue Road, Knoxville, Tennessee 37919.

4. Defendant, Walmart Inc. is authorized to conduct business in the state of Tennessee

   and operates a retail store called the Walmart Supercenter located at 2518 Hillsboro

   Blvd, Manchester, TN 37355. Defendant may be served through its registered agent:

   C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

5. On the date of the incident Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Walmart,

   Inc. ("Defendants") collectively and jointly operated the Walmart Supercenter store located at

   2518 Hillsboro Blvd, Manchester, TN 37355 ("premises").

1

**EXHIBIT B**

6. That on or about August 31, 2019, the Plaintiff was lawfully on the Defendants' premises and was shopping in the lawn and garden center.

7. Defendants, as owner of the premises, have greater knowledge concerning its premises and the condition thereof than does the Plaintiff.

8. Defendants are under a duty to routinely inspect its premises and maintain it in a reasonable and safe condition.

9. While the Plaintiff was shopping in the lawn and garden center; she stepped on water causing her to slip and fall awkwardly on the floor and suffered serious injuries.

10. The water on the floor of the Defendants' premises causing the Plaintiff to fall constituted a dangerous or defective condition of the premises.

11. Plaintiff avers that Defendants had notice of the condition, either actual or constructive. Defendants were negligent in failing to inspect its premises. Defendants were negligent in allowing water, a known hazard, to have existed on its premises and therefore breached its duty to the Plaintiff by failing to maintain its premises in a reasonably safe condition.

12. There were no warning signs, cones, mats or other warning devices present in the area of the incident, and Defendants' employees/agents/servants failed to otherwise provide any warning of the dangerous conditions.

13. As a result of the Defendants' negligence, Plaintiff sustained a fall resulting in an injury, without any negligence of the Plaintiff contributing thereto.

14. The negligence of the Defendants in failing to correct and/or remedy a known dangerous condition or one that, through inspection, should have been reasonably known to the Defendants constitute the proximate and legal cause of the Plaintiff's accident and injury, without any negligence of the Plaintiff contributing thereto.

2

15. Defendants, as owner of the Wal-Mart Supercenter, in its role of operating, managing, maintaining, and controlling the premises, was negligent, through its employees, in failing to warn of or make safe for the Plaintiff, the dangerous condition created by water, which proximately caused the Plaintiff to fall and suffer bodily injuries.

16. During all relevant times herein, all acts of Defendants' officers, agents, employees, and/or servants are imputed to Defendants via the doctrine of *respondeat superior*.

17. As a direct and proximate result of the negligence of Defendants, its officers, agents, employees, and/or servants, the Plaintiff suffered serious, disabling, painful and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses.

18. As a direct and proximate result of the negligence of Defendants and its employees, the Plaintiff alleges that she is entitled to damages, including but not limited to the following specific items of damages:

    a.     Physical pain, both past and future;

    b.     Emotional suffering and grief, both past and future;

    c.     Health care expenses; both past and future;

    d.     Loss of enjoyment of life;

    e.     Costs of this cause; and

    f.     All other general damages and other relief allowed under the laws of the state of Tennessee to which she is entitled.

3

**WHEREFORE, PLAINTIFF PRAYS:**

1. For a judgment against the Defendants, holding them liable for compensatory damages in an amount to be determined by the jury in this cause sufficient to adequately compensate the Plaintiff for her injuries and losses, but no less than $25,000.00.

2. For cost of this matter to be taxed to the Defendants.

3. The Plaintiff be allowed to amend her Complaint as additional parties or facts become known.

4. That service of process issue and be served upon the Defendants requiring Defendants to appear and answer within the time required by law.

5. For a jury trial to try this matter.

6. For such other, further and general relief to which Plaintiff is entitled under the law.


Respectfully submitted,

MORGAN & MORGAN-NASHVILLE, PLC

_/s/ James P. McNamara_
James P. McNamara, #18127
810 Broadway, Suite 105
Nashville, TN 37219
615-514-4206
jmcnamara@forthepeople.com

**DISCOVERY IS SERVED WITH THIS COMPLAINT**

4